SQUARE DEAL COAL HAULERS AND YARDMEN'S CLUB, INC., Plaintiff, v. CLEVELAND (City) et, Defendants.

Common Pleas Court, Cuyahoga County.

No. 722232. Decided January 24, 1961.

84

*Mr. George W. Whitehead,* for plaintiff.
*Mr. Ralph Locher* and *Mr. Irving L. Silbert,* for defendants.

JOHN V. CORRIGAN. This matter involving the constitutionality of the City Ordinance providing "no building shall be used for the sale of beer or intoxicating liquor for consumption on the premises if such building is within 500 feet of the boundary of . . . a school, church, library or public playground . . ." was submitted to the Court upon an agreed statement of facts and the written briefs of counsel.

Plaintiff argues that the ordinance being in clear conflict with the State law it is therefore illegal and void, while counsel for the City concludes that since it pertains to the right to legislate on local matters involving "the public health, safety and general welfare" granted to municipalities under the Home Rule

provision of the Ohio Constitution, it in no way conflicts with any State statute or regulation.

No attempt will be made to summarize the facts because an agreed statement of facts is contained in the plaintiff's petition and defendants' brief and no question is raised as to the various dates mentioned, the violation citation, the action of the Board of Zoning Appeals, or the language of the statutes or ordinance involved. The sole issue is the question of the constitutionality of the ordinance.

The so-called Ohio Home-Rule Amendment, which has largely controlled the development of Home Rule in this State, Section 3 of Article XVIII, reads as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary, and other similar regulations, as are not in conflict with general laws."

The volumes of the Ohio State Reports and Ohio Appellate Reports are replete with conflicting opinions dealing with the key clauses, "all powers of local self-government" and "such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The Court would re-echo the words of Chief Justice Weygandt in *State, ex rel. Lynch* v. *City of Cleveland*, 164 Ohio St., 437, decided in January, 1956, wherein he stated:

"It is not surprising . . . that, with the changing personnel of the court during the 44 years these provisions have been in effect, it has been no easy task to maintain something even remotely resembling consistency, and it would serve no useful purpose to indulge in a discussion of the details of each of the numerous decided cases."

A recent well-written article "Municipal Home Rule in Ohio"—Norman Blume (Western Reserve Law Review, Vol. 11, No. 4, September 1960), dealing with the historical development of Home Rule in Ohio cites the difficulty encountered in determining those matters which were purely local affairs under the concept of powers of local self-government. The author points out attempts by the Ohio Courts at a reasonable definition. "In *Toledo* v. *Lynch*, 88 Ohio St., 71, the Supreme Court defined local self-government as—

". . . such powers of government as in view of their nature and the field of their operation, are local and municipal in character."

"In *Fitzgerald* v. *City of Cleveland*, 88 Ohio St., 338, powers of local self-government

". . . are clearly such as to involve the exercise of the functions of government, and they are local in the sense that they relate to municipal affairs of the particular municipality."

"Again in *State, ex rel. Arey,* v. *Sherill,* 142 Ohio St., 574, the Court said that the expression

". . . all powers of local self-government as herein used means the power of self-government in all matters of a purely local nature."

The second clause of Section 3 of Article XVIII grants to local governments power to adopt police regulations not in conflict with the general laws of the State. If the Court determines there is a genuine conflict the municipal ordinance must be nullified. The Supreme Court has repeatedly held that general laws are those of state-wide concern, applied uniformly throughout the State and to people of the State generally.

The General Assembly of Ohio by virtue of the power vested in them by the people has undertaken to license, control, and regulate the production, sale, dispensing of beer, wine and spirituous liquor throughout the State and has established the Board of Liquor Control to execute and administer the laws and to regulate the conduct of those who engage in the manufacture and sale of alcoholic beverages. (Section 4301.10, Revised Code.) The sole power to determine the merits of an application for a license to sell intoxicating beverages was vested in the Board, but subject to specific statutory requirements and restrictions.

Section 4303.26, Revised Code, provides:

"No permit shall be issued by the department if the business specified in the permit applied for is to be operated within 500 feet from the boundaries of a parcel of real estate having situated thereon a school, church, library, or public playground, until written notice of the filing of said application with the department has been personally served upon the authorities

in control of said school, church, library or public playground and an opportunity provided said authorities for a complete hearing before the director of liquor control upon the advisability of the issuance of the said permit."

City of Cleveland Ordinance No. 2287-52, Section 5.1112 General Retail Business Districts, reads, in part, as follows:

"(b) Permitted Building and Uses. The following buildings and uses are permitted in a General Retail Business District; and no buildings or premises shall hereafter be erected, altered, used, arranged, or designed to be used, in whole or in part for other than one or more of the following specified uses: . . ."

" . . .

"2a. Eating places, including the sale of food and beverages, entertainment and dancing; provided no building shall be used for the sale of beer or intoxicating liquor for consumption on the premises if such building is within 500 feet of the boundary of a parcel of real estate having situated thereon a school, church, library or public playground . . ."

Clearly the statute vests the complete control over the issuance of a permit within the discretion of the director after a full and complete hearing for all concerned. The ordinance prohibits the use of any building for the sale of beer or intoxicating liquor without providing a hearing for those in the immediate vicinity who might be concerned.

Counsel for plaintiff contends that a definite conflict exists because (1) the ordinance attempts to prohibit the rights of the Department of Liquor Control to grant or deny permits within areas selected by the Council of the City; (2) it negatives the discretion in issuing permits within a specified distance of certain institutions and the right of the Director to hold a hearing upon the advisability of such issuance; (3) it substitutes the discretion granted to the Department by statute and establishes a prohibition by the Council of the City; (4) it cancels the right of hearing granted to authorities in charge of certain institutions; and, (5) it negatives the vote of the electors and substitutes the desires of Council for the right granted to the electors by statute to determine the character of area as to whether it shall be wet or dry.

Counsel for the City argues that there is no conflict between the zoning ordinance and any State statutes, because the passage of zoning ordinances, being local in nature, fall within the home-rule powers of the City and are constitutional as long as there is a reasonable relationship to the public health, safety and general welfare. He writes:

"In harmony with such decisions (*State, ex rel. Canada*, v. *Phillips*, 168 Ohio St., 191, *State, ex rel. Bruestle* v. *Rich*, 159 Ohio St., 13, *Sanzere* v. *Cincinnati*, 157 Ohio St., 515, *Morris* v. *Roseman*, 162 Ohio St., 447), it is defendants' position that zoning regulations pertaining to the use of buildings are matters of local self-government exercised pursuant to the authority conferred by Section 3, Article XVIII, Ohio Constitution (*Pritz* v. *Messer*, 112 Ohio St., 628), and being matters particular to the local community are not subject to regulation under the State's police power as matters of state-wide concern."

Significantly the aforementioned cases cited by counsel for the City do not involve any question of conflict dealing with the matter of liquor control. He states in the City's brief the definition of conflict as "that which the State permits and the City prohibits or vice versa." Further he concedes that there is "No doubt that only the State through the Department of Liquor Control may grant or refuse permits for the sale of alcoholic beverages." In short, he contends that ordinance does not prohibit the sale of alcoholic beverages in a retail district, it merely "regulates the use of buildings within 500 feet of church, school, library, etc." However, the ordinance does contain a specific prohibition forbidding the sale of beer or intoxicating liquor for consumption within any such building in the general retail district.

Conscious of the problem of state-wide concern that may arise, the General Assembly by the enactment of Section 4303.26, Revised Code, declared the public policy of the State to be more stringent and circumspect in granting liquor permits where the business for which such permit is requested is within 500 feet of a school, church, library or playground than where such situation does not obtain. Written notice must be served on the persons in control of such institutions and an opportunity afforded them for a hearing on the advisability of the issuance

of the permit. While the director of the Department of Liquor Control exercises a broad discretion in determining such advisability, the exercise of his discretion is subject to judicial review.

Further, the State Liquor Control Act provides the electors with the means to decide by a majority vote whether an area should be wet or dry. The privilege of local option is conferred upon the electors of all municipal corporations, residence districts in municipal corporations consisting of two or more contiguous election precincts therein, and townships exclusive of any municipal corporation or part thereof (Section 4301.32, Revised Code). No power is granted to the authorities of any local government to make a similar decision.

In the instant case the City admits that it lacks the authority to determine whether or not alcoholic beverages may be sold within its jurisdictional limits. However the Council seeks to control the sale of beer and liquor by regulating the use of buildings under its broad zoning powers. In effect, the local authorities seek to do by indirection that which they concede they are prevented from doing directly. The ordinance embodying practically the same language used in the statute arbitrarily prohibits that which the State permits. If such legislation is permitted to stand, every municipal governing body throughout the State through the use of local zoning laws conceivably could abrogate the powers which the General Assembly specifically delegated to the Department of Liquor Control for state-wide enforcement and to the people directly through the privilege of local option.

Personally this Court is in sympathy with the aims of the Mayor and the Council in their attempts to police the retail liquor traffic because the authorities of any particular municipality are in a position to know the needs and requirements of the community and what regulations will best subserve that purpose. However, because of the clarity of the laws governing liquor control within this state the Court must be intellectually honest and declare that ends sought must be achieved by action by the electors or by legislative revision and not by means of legalistic legerdemain.

Accordingly, the Court finds that the ordinance in question

is in conflict with the existing State statute, declares that said ordinance is invalid insofar as it arbitrarily seeks to designate areas in which beer or intoxicating liquor may be sold, and grants the permanent injunction sought herein by the plaintiff.

Decree entered for plaintiff and the exception of the defendants to the Court's ruling is noted. O. S. J.